## BOARD OF COM'RS OF OKLAHOMA COUNTY v. DE ARMOND, *County Stenographer.*

No. 6401.   Opinion Filed February 15, 1916.

(155 Pac. 592.)

**COURTS—Officers—Compensation—County Stenographer.** Under the provisions of sections 20-22, c. 69, Sess. Laws 1910 (secs. 1833, 1836, and 1838, Rev. Laws 1910), a county stenographer is not entitled to retain any fees for making transcripts of shorthand notes of proceedings had in the county court; but all such fees must be paid into the county treasury to the credit of the court fund. The only compensation to which the county stenographer is entitled for such services is the salary prescribed by the statute.

(Syllabus by Bleakmore, C.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

Action by Verna De Armond, County Stenographer of Oklahoma County, against the Board of County Com-

missioners of Oklahoma County. Judgment for plaintiff, and defendant brings error. Reversed.

*Sam Hooker*, for plaintiff in error.

*Grant Stanley*, for defendant in error.

Opinion by BLEAKMORE, C. This case presents error from the district court of Oklahoma county. On January 8, 1911, Verna De Armond was by the judge of the county court of Oklahoma county appointed county stenographer, in which capacity she was employed until after the disposition of this action in the trial court. During the time of such employment she furnished to various litigants and attorneys transcripts of her shorthand notes of proceedings had in said court and copies of the records thereof, for which services she received on divers dates fees amounting in the aggregate to $1,010. The sums so received were paid by her into the registry of the court, and ultimately into the county treasury to the credit of the court fund. On December 30, 1913, she filed an itemized claim against the county for the repayment of said moneys. Her claim was rejected by the board of county commissioners, from whose action she appealed to the district court. Upon a hearing before that court judgment was rendered in her favor for $661.50, and the county has appealed.

The law authorizing the appointment of a county stenographer in force while the claimant was so employed (sections 20-22, c. 69, Sess. Laws 1910; sections 1833, 1836, and 1838, Rev. Laws 1910), provides:

"Sec. 20. The judge of the county court may appoint, in writing, whenever in his judgment it will expedite public business, a shorthand reporter, to be known as 'county stenographer,' who shall be *ex officio* deputy clerk of the county court, and who shall possess the same qualifica-

tions in the art of stenography as is required of such officer in the district court.

"Sec. 21. The judge of the county court may, upon the application of either party, under the same terms and conditions as is prescribed by law in the district court, direct such reporter to make out and file with the clerk of the said court a transcript of his shorthand notes. The party ordering the transcript shall pay for the same at the same price and under the same terms and conditions as is provided for like services in the district court, but all such feee shall be paid into the county treasury to the credit of the court fund.

"Sec. 22. The county stenographer shall receive as full compensation such salary as may be fixed and allowed by the board of county commissioners, to be paid monthly out of the county treasury, limited as follows:   *   *   * And in counties having a population of over 50,000 a sum not to exceed $100.00."

The transcripts were made by the claimant after regular office hours, some at her office and others at her home. They were prepared upon application of the parties made directly to her, and not upon order of the county judge. For these reasons it is her contention that she was entitled to receive and retain the sums of money paid to her therefor, which she alleges were covered into the county treasury by mistake of law. It is obvious that the shorthand notes for the transcribing of which claimant received the moneys so paid into the county treasury, and sought to be recovered here, were made in the performance of her duties as county stenographer in the regular course of proceedings in the county court. It was by virtue of her employment in such capacity that she became the sole person with ability to accurately transcribe the same for use upon appeal or otherwise. The law authorizing her employment and providing for the

payment of her salary contemplated that her stenographic notes of trials in the county court should be transcribed upon application of the parties thereto. When required, the transcription of such notes was recognized as so intimately and necessarily associated with the duty of reporting such proceedings as to become inherently a part of the duty of the county stenographer. In the very instances involved in this case in which her services were rendered in this regard, her shorthand notes were practically valueless until transcribed, and she alone could transcribe them. Perhaps she voluntarily devoted more hours to duty than the county might have required of her; and possibly the maximum salary provided by the statute and fixed by the county commissioners was inadequate to compensate her for the services rendered. If so, in the one case her unusual zeal to serve the public is to be commended; and, in the other, her misfortune is attributable to the frugality of the Legislature.

The rule, applied by this court without exception, is that one who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority of law; and it is not sufficient that the services performed for which payment is claimed were beneficial. In our opinion the statute above quoted is plain and unambiguous, and means that the fees for all transcripts made by the county stenographer should be paid into the county treasury to the credit of the court fund, and that such stenographer should receive, as full compensation for all services in the making of transcripts of proceedings in the county court, only the salary prescribed thereby.

It follows that the judgment of the trial court should be reversed.

By the Court: It is so ordered.