## WAIDE v. ATCHISON, T. & S. F. RY. CO. *et al.*

No. 5566.    Opinion Filed February 29, 1916.

(155 Pac. 884.)

**COURTS—County Stenographer—Compensation—Transcripts of Testimony.** Under provisions of sections 20, 21, and 22, c. 69, Session Laws 1910, and of sections 1833, 1836, and 1838, Rev. Laws 1910, the only compensation to which the county stenographer is entitled for making transcripts of shorthand notes of testimony taken and proceedings had in the county court and for making transcripts of the records of causes in such county court to constitute a case-made is the salary prescribed by the statute.

(Syllabus by Rummons, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by W. M. Waide against the Atchison, Topeka & Santa Fe Railway Company and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*E. G. Wilson* and *L. F. Wilson,* for plaintiff in error.

*Cottingham & Hayes, R. E. Bowling,* and *L. H. Hampton,* for defendants in error.

Opinion by RUMMONS, C. This action was commenced before a justice of the peace by plaintiff in error, plaintiff below, against the Atchison, Topeka & Santa Fe Railway Company and Gulf, Colorado & Santa Fe Railway Company, corporations, to recover the sum of $150 for preparing case-made in two cases in the county court

of Garvin county, of which court the plaintiff was stenographer. The defendants filed a motion alleging that the board of county commissioners of Garvin county was a necessary party in said action, and stating and alleging that defendants were willing to pay the amount claimed by plaintiff to the proper party, but that the board of county commissioners of Garvin county claimed the same pursuant to sections 20, 21, and 22 of chapter 68 of the Session Laws of 1910, and praying that said board of county commissioners of Garvin county be made a party defendant in said action. The board of county commissioners of Garvin county, by its county attorney, entered its appearance, and waived the issuance of summons. On appeal to the county court of Oklahoma county defendants had judgment, and plaintiff prosecutes this appeal, assigning as error that the judgment is contrary to the evidence, not supported by sufficient evidence, and that the judgment is contrary to law. It appears from the evidence of plaintiff that he was "county stenographer" of Garvin county, and that, as such stenographer, he prepared, at the request of the attorneys for defendants the Atchison, Topeka & Santa Fe Railway Company and Gulf, Colorado and Santa Fe Railway Company, transcripts of his stenographic notes of the evidence taken in two cases in the county court of Garvin county, together with transcripts of the records and files of the county court in said cases; that, as "county stenographer," his salary was fixed at $75 per month; that he thought that he had finished these two cases-made after resigning as county stenographer, but was not certain; that he had not been paid by the defendants the amount due for making such transcripts.

It is contended by plaintiff that, inasmuch as no order was made by the county court directing him to transcribe his shorthand notes as provided by statute, but same were transcribed and a transcript of the records and files made by plaintiff at the request of the attorneys of the defendant railway companies, he was entitled to be paid by the railroad companies for such work. This court, in the case of *Board of County Commissioners of Oklahoma County v. De Armond,* 55 Okla. 618, 155 Pac. 592, has held adversely to this contention of plaintiff. Section 1833, Rev. Laws 1910, provides:

"The judge of the county court may appoint, in writing, whenever in his judgment it will expedite public business, a shorthand reporter, to be known as county stenographer, who shall be *ex officio* deputy clerk of the county court, and who shall possess the same qualifications in the art of stenography as is required of such officer in the district court."

Section 1837, Rev. Laws 1910, provides:

"The county stenographer shall occupy and maintain his office in the office of the judge of the county court, and when such stenographer is not engaged in reporting cases or making transcript, it shall be his duty, under the direction of the judge, to perform the duties of a clerk in the county court."

Section 1838, Rev. Laws 1910, provides:

"The county stenographer shall receive as full compensation such salary as may be fixed and allowed by the board of county commissioners, to be paid monthly out of the county treasury, limited as follows:

"In counties having a population of not more than fifty thousand, a sum not to exceed seventy-five dollars per month; and in counties having a population of over fifty thousand, a sum not to exceed one hundred dollars."

Construing these sections of the statute, this court, in *County Commissioners v. De Armond, supra,* says:

"In our opinion, the statute above quoted is plain and unambiguous, and means that the fees for all transcripts made by the county stenographer should be paid into the county treasury to the credit of the court fund, and that such stenographer should receive, as full compensation for all services in the making of transcripts of proceedings in the county court, only the salary prescribed thereby."

It is argued by counsel for plaintiff that the "county stenographer" was not required to devote his full time to his official duties, and that, even though he might not be entitled to recover fees for transcribing his stenographic notes, he was entitled to recover for transcribing the records and files in the two cases. As will be seen from the sections of the statutes above cited, this position is not tenable, and all the work done by the plaintiff was in pursuance of his duties as "county stenographer" and *ex officio* deputy clerk of the county court, for which he was only entitled to receive the compensation fixed by the board of county commissioners.

Plaintiff further contends that it is shown that part of this work was done after plaintiff had ceased to be "county stenographer," and therefore he is entitled to be compensated by the defendant railway companies for work so done. We have quoted the evidence of plaintiff as to this matter, and it is apparent that plaintiff was not certain whether any of this work was done after he ceased to be "county stenographer," nor is there any testimony as to what amount of work, if any, plaintiff did in these two cases after he ceased to be "county stenographer." The court below could not render a judgment

upon conjecture, and there is no evidence in the record warranting judgment for plaintiff upon this contention.

The judgment of the court below should be affirmed.

By the Court: It is so ordered.